UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22-40096 |
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| NEW SUDAN OMOT OKELLO, | |
| Defendant. | |

The Defendant, the Defendant's attorney, and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendant's attorney. The Agreement is as follows:

**A. ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDER-STANDING OF MAXIMUM PENALTIES:** The Defendant agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalty therefor, and that he understands same. The Defendant further agrees that he understands that by entering a plea of guilty as set forth hereafter, he will be waiving certain statutory and constitutional rights to which he is otherwise entitled.

**B. PLEA AGREEMENT PROCEDURE - NO RIGHT TO WITHDRAW PLEA IF COURT REJECTS RECOMMENDATION:** The United States and the Defendant agree that this Plea Agreement is presented to the Court pursuant to

Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, which authorizes the United States to agree that it will recommend, or agree not to oppose, the Defendant's request that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor, does or does not apply. Such agreements and recommendations are not binding on the Court, and the Defendant may not withdraw his plea of guilty if the Court rejects them.

**C.     PLEA OF GUILTY TO CHARGE:** The Defendant will plead guilty to the Superseding Information filed in this case, which charges the violation of 18 U.S.C. §§ 922(d)(3). The charge carries a maximum sentence of 15 years in prison, a $250,000 fine, or both, and a period of supervised release of up to 3 years. If the Defendant is found by a preponderance of evidence to have violated a condition of supervised release, he may be incarcerated for an additional term of up to 2 years on any such revocation. There is a $100 assessment to the victims' assistance fund.

**D.     VIOLATION OF TERMS AND CONDITIONS:** The Defendant acknowledges and understands that if he violates the terms of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, this Plea Agreement shall become voidable at the discretion of the United States and the Defendant will face the following consequences:

(1)     All testimony and other information the Defendant has provided at any time to attorneys, employees, or law enforcement officers of the United

States, to the Court, or to the federal grand jury may and will be used against him in any prosecution or proceeding.

(2)     The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the Defendant, and to use any information obtained directly or indirectly from him in those additional prosecutions.

(3)     The United States will be released from any obligations, agreements, or restrictions imposed upon it under this Plea Agreement.

E.     **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that based upon the information known to it at this time, the Defendant is entitled to a two-level decrease in his offense level pursuant to U.S.S.G. § 3E1.1(a), provided no evidence is disclosed in the presentence report which indicates the Defendant has not demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and further provided he: (1) complies with the terms of this Plea Agreement; (2) testifies truthfully during the change of plea hearing; (3) participates truthfully with the Probation Office in the presentence investigation; (4) does not violate any conditions of pretrial detention or release after he signs this agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility. Both the United States and the Defendant otherwise reserve the right to present evidence and make argument regarding sentencing.

**F.     GOVERNMENT'S RECOMMENDATION REGARDING SENTENCE - WITHIN THE GUIDELINE RANGE:** The Defendant and the United States understand and agree that the Court will determine the applicable Guideline range after reviewing the presentence report and considering any evidence or arguments submitted at the sentencing hearing. The United States agrees that it will recommend that the Court impose a sentence of imprisonment within the applicable Guideline range. The Defendant understands that any recommendation made by him or the United States is not binding on the Court. The Defendant further understands that he may not withdraw his plea of guilty if the Court rejects any recommendation.

The United States reserves the right to present evidence and argument as to what it believes the applicable Guideline range should be and to respond to any request for a sentence below the applicable Guideline range. For the purposes of this agreement, the "applicable Guideline range" is the range found by the Court by reference to the Sentencing Table at U.S.S.G. § 5A based on the Defendant's total offense level and criminal history before adjustments, if any, are made based on a downward departure, an 18 U.S.C. § 3553(e) sentencing factor, or other variance.

**G.     SPECIAL ASSESSMENT:** The Defendant agrees to remit to the U.S. Clerk of Court a special assessment in the amount of $100, in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013. The assessment is due at the time of sentencing or will otherwise be part of the judgement.

**H.    MONETARY OBLIGATIONS - DEFENDANT'S ONGOING DUTY:**

The Defendant agrees, if requested by the United States, to promptly return an executed Authorization to Release Financial Records and Documents, an executed Authorization to Release Tax Returns and Attachments, current earnings statements, copies of his W-2s and an executed Financial Statement. The Defendant understands that this is an ongoing duty which begins upon execution of this plea agreement and continues until such time as payment of any financial obligation is remitted in full.

The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of any financial obligations imposed as part of the sentence in this case.  The Defendant expressly authorizes the United States Attorney's Office to obtain credit reports on him/her prior to judgment.

The Defendant also agrees that if he is incarcerated, he will participate in the Bureau of Prisons' Inmate Financial Responsibility Program during any period of incarceration in order to pay any financial obligations ordered by the Court.   The Defendant's agreement to participate in the Inmate Financial Responsibility Program does not limit the United States' right to pursue collection from other available sources.  If there is no period of incarceration ordered, the Defendant agrees that payment of any financial obligations ordered by the Court shall be a condition of probation.

**I.     RESERVING THE RIGHT TO REBUT OR CLARIFY MITIGATION INFORMATION:** The United States reserves the right to rebut or clarify matters set forth in the presentence investigation report, or raised by the Defendant in mitigation of his sentence, with evidence and argument.

**J.     AGREEMENT TO FORFEIT PROPERTY:** The Defendant agrees to forfeit all interest in a Glock Incorporated, model 42, .380 Auto caliber, semi-automatic pistol, bearing serial number AFHC217 (hereinafter referred to as "the property"). The Defendant warrants that he is the sole owner of all of the property. The Defendant agrees to hold the United States, its agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the property.

The Defendant further agrees to waive all interest in the property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The Defendant agrees to consent to the entry of orders of forfeiture for the property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that the forfeiture of the property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps necessary to pass clear title to the property to the United States, including, but not limited to, surrender of title, the signing of a consent decree, stipulating to facts regarding the transfer and basis for the forfeiture, executing deed or title transfers, and signing any other documents necessary to effectuate such transfers.

**K.     UNDERSTANDING REGARDING FIREARMS:** The Defendant understands that upon conviction of the felony offense herein, the Defendant is not permitted to lawfully possess firearms or ammunition for firearms.

**L.     BASIS FOR PLEA OF GUILTY:** The Defendant agrees that the statement of facts, signed by the parties and incorporated herein by this reference, provides the basis for his guilty plea in this case, and is a true and accurate statement of his actions or omissions with regard to the charges to which he is entering a plea, and that the Court may rely thereon in determining the basis for his plea of guilty as provided for in this Plea Agreement.

**M.     WAIVER OF SPEEDY TRIAL:** The Defendant agrees to waive any rights to a speedy trial under either the United States Constitution or the Speedy Trial Act. This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing.

**N.** **PARTIES BOUND:** It is further understood and agreed that this agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**O.** **SCOPE OF AGREEMENT:** This agreement shall include any attachments, exhibits or supplements designated by the parties. It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

**P.** **WAIVER OF DEFENSES AND APPEAL RIGHTS:** The Defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues. The parties agree that excluded from this waiver is the Defendant's right to appeal any decision by the Court to depart upward pursuant to the sentencing guidelines as well as the length of his sentence for a determination of its substantive reasonableness should the Court impose an upward departure or an upward variance pursuant to 18 U.S.C. § 3553(a). Claims that the Defendant's counsel rendered constitutionally ineffective assistance are also excluded from this waiver.

## SUPPLEMENT TO PLEA AGREEMENT

The United States will file a Supplement to Plea Agreement which is required to be filed in every case in compliance with the Court's Standing Order.

|  |  |
|---|---|
|  | ALISON J. RAMSDELL<br>United States Attorney |
| 10/17/2023<br>Date | *[signature: Paige Petersen]*<br>Paige Petersen<br>Special Assistant United States Attorney<br>P.O. Box 2638<br>Sioux Falls, SD 57101-2638<br>Telephone: (605)357-2361<br>Facsimile: (605)330-4410<br>E-Mail: paige.petersen@usdoj.gov |

APPROVED:
ALISON J. RAMSDELL
United States Attorney
By:

*[signature: Connie Larson]*

CONNIE LARSON
Supervisory Assistant United States Attorney

| | |
|---|---|
| 10-17-23<br>Date | *[signature]*<br>New Sudan Omot Okello<br>Defendant |
| 10/17/23<br>Date | *[signature]*<br>Brett Waltner<br>Attorney for Defendant |

9 | Page